1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALVIN BERNARD JONES,                    Case No.   1:18-cv-00493-JDP

12                  Petitioner,               ORDER DISMISSING PETITIONER'S
                                              MOTION FOR EXTENSION OF TIME AS
13           v.                               MOOT

14    J. GASTELO,                             ECF No. 22

15                  Respondent.               ORDER DENYING PETITIONER'S MOTION
                                              FOR RECONSIDERATION
16
                                              ECF No. 23
17

18          Petitioner Alvin Bernard Jones, a state prisoner without counsel, filed a writ of habeas

19   corpus under 28 U.S.C. § 2254.  ECF No. 1.  Both parties consented to the jurisdiction of a

20   magistrate judge.  ECF No. 6, 13.  On June 5, 2019, the petition was denied on the merits and the

21   case was closed.  ECF No. 20, 21.  On June 19, 2019, petitioner moved for a 60-day extension of

22   time to file objections to this court's denial of his petition.  ECF No. 22.  On July 12, 2019,

23   petitioner filed objections to this court's denial of his petition and requested an evidentiary

24   hearing.  ECF No. 23.  Because petitioner filed objections less than a month after he requested an

25   extension of time to file objections, I dismiss petitioner's motion for extension of time as moot.  I

26   construe petitioner's objections as a motion for reconsideration and deny that motion on the

27   merits.

28          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

                                                    1

district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on the following grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time. *Id*. Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion. To succeed on a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In support of his motion for reconsideration, petitioner has submitted an exact photocopy of the brief he submitted in support of his traverse. ECF No. 19. This brief appears to be petitioner's appellate brief filed in the California Court of Appeal. This brief presents the same four arguments made in his habeas petition, ECF No. 1, which were the same four arguments denied on the merits by this court, ECF No. 20. Petitioner has not presented any of the arguments required for a motion for reconsideration, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud. Petitioner has not claimed that the judgment is void or has been satisfied. Petitioner has not presented any other reason to justify relief under Rule 60(b). Therefore, the motion for reconsideration is denied.

Petitioner requested an evidentiary hearing as part of his motion for reconsideration. A state prisoner seeking an evidentiary hearing must show that he "was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). Under Section 2254(e)(2), the petitioner must show either a new, retroactive rule of constitutional law that was unavailable to him or a fact that he could not have discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(ii). When the petitioner fails to carry this burden, the court

may not hold an evidentiary hearing.  *Id*. § 2254(e)(2).  Petitioner made no arguments in support

of his motion for an evidentiary hearing.  Therefore, his motion is denied.

**Order**

       1. Petitioner's motion for extension of time is dismissed as moot.  ECF No. 22.

       2. Petitioner's motion for reconsideration and evidentiary hearing is denied.  ECF No. 23.

IT IS SO ORDERED.

Dated:    December 24, 2019                           

UNITED STATES MAGISTRATE JUDGE

No. 206.