UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN BERNARD JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. GASTELO,<br><br>　　　　　Respondent. | Case No. 1:18-cv-00493-JDP<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY OF ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>ECF No. 24 |

Petitioner Alvin Bernard Jones, a state prisoner without counsel, filed a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Both parties have consented to the jurisdiction of a magistrate judge. ECF Nos. 6, 13. On June 5, 2019, the petition was denied on the merits and the case was closed. ECF Nos. 20, 21. On July 12, 2019, petitioner filed objections to this court's denial of his petition and requested an evidentiary hearing. ECF No. 23. On December 24, 2019, we construed petitioner's objections as a motion for reconsideration and denied the motion on the merits. ECF No. 24. Petitioner appealed our order denying his motion for reconsideration to the Court of Appeals for the Ninth Circuit. ECF No. 25. The Court of Appeals remanded the case so that we could consider whether to issue a certificate of appealability. ECF No. 28 at 2. For the following reasons, we deny to issue a certificate of appealability.

**Discussion**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

court's denial of a final order; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). An order denying a Rule 60(b) motion for reconsideration is a "final, appealable order." *See United States v. Winkles*, 795 F.3d 1134, 1139 (9th Cir. 2015). A certificate of appealability should only issue for the denial of a Rule 60(b) motion in a habeas proceeding if (1) jurists of reason would find it debatable whether the "district court abused its discretion in denying the Rule 60(b) motion" and (2) jurists of reason would find it debatable whether the underlying habeas petition "states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). The second prong of this test requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Here, jurists of reason would not find it debatable whether we abused our discretion in denying petitioner's Rule 60(b) motion. In his motion for reconsideration, petitioner failed to present any of the arguments required for a motion for reconsideration—such as mistake, fraud, inadvertence, or newly-discovered evidence. *See* ECF No. 24 at 2. Additionally, reasonable jurists would not find it debatable whether the underlying habeas petition states a valid claim of the denial of a constitutional right. Petitioner's constitutional claims were fully considered and denied on the merits. *See* ECF No. 20. Thus, we decline to issue a certificate of appealability for the denial of petitioner's motion for reconsideration.

**Order**

This court declines to issue a certificate of appealability for the denial of petitioner's motion for reconsideration. ECF No. 24. The Clerk of the Court is directed to serve a copy of this order on the Court of Appeal for the Ninth Circuit.

IT IS SO ORDERED.

Dated:  February 6, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.